**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SERGE LAPOINTE, an individual, | No. 11-56992 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-02728-ODW-RZ |
| v. | |
| COUNTY OF LOS ANGELES; DEPUTY MICHAEL MERCHAIN, an individual; DEPUTY SON BUI, an individual, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, District Judge, Presiding

Argued and Submitted May 10, 2013
Pasadena, California

Before: PREGERSON and FISHER, Circuit Judges, and DANIEL, District
Judge.**

Serge LaPointe appeals the district court's dismissal of defendants Son Bui

and Michael Merchain on the basis of Federal Rule of Civil Procedure 4(m), and

---

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**The Honorable Wiley Y. Daniel, Senior United States District Judge for the District of Colorado, sitting by designation.

the district court's grant of summary judgment for the County of Los Angeles on his *Monell* claim. We affirm in part, reverse in part and remand.

1. The district court abused its discretion in dismissing Bui and Merchain as defendants. Whether measured by Rule 4(m) or Rule 16, LaPointe established good cause for amending his complaint and serving Bui and Merchain in September 2011. *See* Fed. R. Civ. P. 4(m) ("[I]f the plaintiff shows good cause for the failure [to service a defendant within 120 days after the complaint is filed], the court must extend the time for service for an appropriate period."); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (noting that a plaintiff must show "good cause" to amend a complaint after the deadline set forth in a scheduling order has expired). During discovery, LaPointe vigorously sought the identities of the officers with whom he came into contact, and he exercised diligence in seeking amendment and serving those defendants once the County provided sufficient information for him to identify Bui and Merchain as the officers that allegedly used force against him.

2. The district court properly granted summary judgment to the County because, on this record, LaPointe did not adduce sufficient evidence to defeat summary judgment on his *Monell* claim. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

To the extent LaPointe alleges a policy or practice of deputies' use of excessive force, his claim fails for lack of proof. Whatever policies or practices might in fact exist, LaPointe has not adduced evidence to create a triable issue of fact. Nor has he raised a triable issue that the County has adopted a use of force reporting policy that is deliberately indifferent to inmates' constitutional rights, although such a claim might have merit on a different record.

To the extent LaPointe argues that the County should be held liable because it ratified the alleged conduct of Bui and Merchain, his claim also fails for lack of proof. Whatever the true facts may be, LaPointe has failed to identify any official with final policymaking authority who affirmatively approved of Bui and Merchain's actions and thus cannot avoid summary judgment. *See Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1253 (9th Cir. 2010).

Accordingly, we reverse the district court's dismissal of defendants Bui and Merchain but affirm the district court's grant of summary judgment to the County. Costs on appeal are awarded to LaPointe.

**AFFIRMED IN PART**, **REVERSED IN PART**, and **REMANDED**.